**U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA**
**Harrisonburg Division**

| | |
|---|---|
| **CRYSTAL JUANITA PRUITT** <br> **Administrator for the Estate of** <br> **Kevin Riley, deceased** <br>   **Plaintiff** <br> <br> v. <br> <br> **QUADELL ALIK GRIMES** <br>   **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) **Case No.** 5:22-cv-00010 <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

**COMES NOW** the Plaintiff, CRYSTAL JUANITA PRUITT, Administrator of the Estate of Kevin Riley, and moves for judgment against QUADELL ALIK GRIMES on the grounds and in the amount as hereinafter set forth:

1. Plaintiff, **CRYSTAL JUANITA PRUITT**, is Administrator of the estate of Kevin Riley appointed by the Clerk of the Circuit Court of Winchester in the Commonwealth of Virginia on or about December 7, 2021.

2. On or about October 28, 2020, Plaintiff's decedent, Kevin Riley, died at Winchester Medical Center. At the time of his death he was a resident of Winchester, Virginia.

3. The statutory beneficiaries of Plaintiff's Decedent for a wrongful death action brought under Virginia Code §8.01-50 of the Code of Virginia, 1950 are his father, Kenneth B. Riley, II DOB 8/20/1964, a resident of Inwood West Virginia; his mother Nancy Riley, DOB 4/14/1961, a resident of Winchester, Virginia; his sister, Crystal Pruitt, DOB 8/10/1978, a resident of Winchester, Virginia; his brother Kenneth B.

1

Riley, III, DOB 6/10/1989, a resident of Winchester, Virginia; and his sister Jamie Marsell, DOB .3/22/1985, a resident of Winchester, Virginia.

4. Defendant **QUADDELL ALIK GRIMES**, to the best of Plaintiff's information and belief, at the time of the incidents that gave rise to this litigation was a resident of the State of Maryland residing in Hagerstown, Maryland.

5. At the time of filing of the above captioned Complaint, the Defendant is currently incarcerated in the Commonwealth of Virginia for a charge of second-degree murder in the Commonwealth.

6. On or about October 28, 2020 at approximately 8:55 pm, the Plaintiff's Decedent, Kevin Riley, arrived at a parking lot near the Okinawa Japanese Restaurant at 571 Adams in Winchester, Virginia.

7. On or about October 28, 2020 at approximately 8:55 pm, when the Plaintiff's Decedent, Kevin Riley, arrived at the parking lot near the Okinawa Japanese Restaurant at 571 Adams in Winchester, Virginia, he was not armed with a gun or any other weapon.

8. On or about October 28, 2020, at approximately 8:55 pm, the Defendant was also in the same parking lot near the Okinawa Japanese Restaurant at 571 Adams in Winchester, Virginia.

9. On or about October 28, 2020, at approximately 8:55 pm, the Defendant was sitting inside his vehicle, a Blue BMW SUV with Maryland license plates.

10. Upon arriving at the parking lot near the Okinawa Japanese Restaurant, Plaintiff's Decedent got out of his car, and apparently stated, "What's up with that?"

11. Following that statement, the Defendant shot the Plaintiff's Decedent once in the chest, and fled the parking lot of the Okinawa Japanese Restaurant at 571 Adams in Winchester, VA in his Blue BMW SUV.

12. Plaintiff's decedent collapsed after being shot, and was transported to the Winchester Medical Center, where he was pronounced dead on October 28, 2020.

13. Defendant Grimes had a duty to obey the laws of the Commonwealth of Virginia, and not hurt, maim or kill other individuals with a gun or other weapon.

14. By shooting Plaintiff's Decedent with a gun, Defendant Grimes breached his duty of care to the Plaintiff's Decedent by failing to obey the laws of the Commonwealth of Virginia and his duty not to hurt, maim or kill another individual with a gun or other weapon.

15. Defendant Grimes' shooting of Plaintiff's Decedent was willful and deliberate, intentional, reckless and/or negligent, and in violation of

the laws of the Commonwealth of Virginia, in particular VA Code § 18.2.32, and was otherwise reckless and negligent.

16. As a direct and proximate result of Defendant Grimes' willful deliberate, intentional, reckless, and/or negligent acts, Plaintiff's Decedent was caused to sustain violent, serious, injuries, which caused his death.

17. As a direct and proximate result of Defendant Grimes' willful, deliberate, intentional, reckless and/or negligent acts and his shooting of the Plaintiff's Decedent, Plaintiff's Decedent incurred hospital, doctors' and other medical and related bills for the treatment.

18. The Defendant Grimes' willful, deliberate, intentional, reckless and/or negligent actions by deviations from the standard of care and acts or omissions was the direct and proximate cause of the Plaintiff's Decedent's death.

**WHEREFORE**, CRYSTAL JUANITA PRUITT, Administrator of the Estate of Kevin Riley, by counsel, and moves for judgment against the Defendant QUADELL ALIK GRIMES in the amount of $3,000,000.00 and the costs in her behalf expended with interest as allowed by law and from the date of breach and/or injury and/or death and such other and further relief as the Honorable Court deems meet and proper in these premises.

_____
CRYSTAL JUANITA PRUITT, Administrator
Of the Estate of Kevin Riley

GARVER LAW OFFICES, P.C.

_____
Steven M. Garver, Esquire, VSB#15145
Deborah E. Mayer, Esquire, VSB #51072
GARVER LAW OFFICES, P.C.
11702 Bowman Green Drive, Suite 100
P.O. Box 2430
Reston, Virginia 20190-2430
(703)471-1090
(703)471-1095 (Facsimile)
garver@garverlaw.com
Counsel for Plaintiff